IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jillian Hardee, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| UnitedHealthcare Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Louisiana.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Greenville, South Carolina.

III.

In this matter, Plaintiff seeks health insurance benefits under ERISA plans pursuant to 29 U.S.C. § 1132(a)(1)(B) and this court has jurisdiction to consider this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

IV.

Plaintiff is an employee of Fidia Pharma USA, Inc. As an employee of Fidia Pharma USA, Inc., Plaintiff is provided health insurance benefits through a plan which is fully insured by

Defendant. Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated, the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff underwent certain medical treatment from November 3, 2021 to February 1, 2022, and she submitted the resulting claims to Defendant for processing and payment pursuant to the terms of the health insurance policy.

VI.

Defendant denied Plaintiff's claim. Plaintiff appealed the denial. On September 6, 2022, Defendant responded to Plaintiff's undersigned counsel and advised that it could not identify Plaintiff and requested additional information. On September 7, 2022, however, Defendant issued a final denial letter and sent it directly to Plaintiff, despite being on notice that she was represented by counsel. Plaintiff has attempted to fully exhaust administrative remedies, but Defendant has failed and refused to allow Plaintiff to meaningfully exhaust administrative remedies. Defendant failed to respond to Plaintiff's requested for each and every document upon which her claim was denied. Defendant also refused to consider important evidence Plaintiff planned to provide in support of her appeal. Defendant issued a final decision denying Plaintiff's claim, but did so while specifically failing to provide the requested documentation and refusing to consider important evidence Plaintiff was gathering. Defendant did not allow Plaintiff a reasonable period of time to review the claim file and gather and submit evidence in support of

her claim in violation of 29 C.F.R. § 2560.503-1.  Accordingly, further attempts to exhaust administrative remedies are futile.

## VII.

The claim decision maker made its claim decisions while operating under a conflict of interest which significantly influenced it to deny Plaintiff's claim and to refuse to consider important evidence provided by Plaintiff.  The decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process.  Instead, the decision was reached by deliberately refusing to consider relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions.  Accordingly, the decision maker operated under a conflict of interest which improperly and significantly influenced its claim decision.

## **FOR A FIRST CAUSE OF ACTION**

## VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

## IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and the evidence Plaintiff intended to provide to Defendant, but which Defendant failed to consider in reaching its final claim decision, and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan.  Plaintiff tried to submit the evidence she wished to have considered, but Defendant failed to allow Plaintiff a

reasonable period to do so. Also, the court should conduct a *de novo* review of Plaintiff's claim including documents the plan administrator alleges it did not consider because the plan administrator's refusal to consider the information was a breach of fiduciary duty and further attempts to exhaust administrative remedies are futile. Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its fiduciary duty and/or abused its discretion by not considering all of Plaintiff's submissions, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the long term disability benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B) and/or a remand of her claim, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/M. Leila Louzri
M. Leila Louzri, Esq.
Federal Bar #: 12007
**FOSTER LAW FIRM, LLC**
Post Office Box 2123
Greenville, South Carolina 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: llouzri@fosterfoster.com

Date: September 23, 2022            Attorneys for Plaintiff